UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERESA A. BRABENDER,

    Plaintiff,

v.                              CASE No. 8:13-CV-2315-T-TGW

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of an administrative determination that she was overpaid Social Security disability benefits.[*] Because the decision of the Commissioner of Social Security fails to evaluate the plaintiff's claim that she was overpaid, the decision will be reversed and the matter remanded for further consideration as to that issue.

I.

The plaintiff applied for Social Security disability benefits based on a mental impairment. She was awarded benefits with a disability onset date of October 31, 1999. She subsequently returned to work, but had an

---

[*] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

automobile accident in 2002 that required extended hospitalization. She again returned to work.

On March 6, 2010, the Social Security Administration wrote to the plaintiff telling her that she was not entitled to payments for September 2002, and March 2006 and thereafter (Tr. 18). By letter of November 16, 2010, the Social Security Administration told the plaintiff that she was overpaid by $40,061.60, an amount which was subsequently modified to $39,354.60 (Tr. 44). In response to the plaintiff's request that her overpayment be waived, the Social Security Administration on November 22, 2010, denied the plaintiff's request because it found that she was at fault (Tr. 48).

The plaintiff retained counsel who requested a hearing on January 24, 2011, in a letter which stated (Tr. 53):

> It is our position that this client is not overpaid as previously concluded for March 2006 and continuing. During that time she did not engage in SGA [substantial gainful activity] until March 2010. During the remainder of that period her monthly earnings were less than SGA when earnings correctly assigned to the months when earned after exclusion of impairment related work expenses.

The law judge in a notice setting the matter for hearing wrote (Tr. 85):

> The general issues are whether you were overpaid benefits within the meaning of Section 204 of the Social Security Act and, if so, whether recovery of the overpayment may be waived.
>
> The specific issues are whether you were "without fault" as defined in Social Security Regulation 404.507 in causing the overpayment and, if so, whether recovery of the overpayment would (1) defeat the purpose of Title II of the Act, as defined in Social Security Regulation 404.508, or (2) be against equity and good conscience as defined in Social Security Regulation 404.509.

In a pre-hearing memorandum, plaintiff's attorney said that "[t]he only issues with respect to cessation are whether entitlement terminated due to SGA and when" (Tr. 99). The memorandum then set forth in detail why the plaintiff was asserting that except for the period of September 2001 to September 2002 she was not overpaid (id.).

At the beginning of the administrative hearing, there was the following colloquy (Tr. 137-38):

> ALJ: Okay. And the – let me ask you at the outset, Mr. [Ronald] Koster. Is this a – are you all contesting the fact of the overpayment or the waiver of the overpayment or both? Do you concede there is an overpayment or is it –

ATTY: Yes, Your Honor, we, we concede there was an overpayment.

ALJ: Okay. So, then what's –

ATTY: Part, part of it's –

ALJ: Okay.

ATTY: – overpaid, part of it is not.

ALJ: Okay. How about – you can present the case. You believe part of the $39,000 is not correct then?

ATTY: Yes, Your Honor, in our —

ALJ: Okay, which part do you believe is not correct?

ATTY: Yes, Your Honor. That would be the overpayment commencing after – well, actually, with March 2006 through March 2010. The situation here is that she was initially found disabled in 1999. She returned to work off and on and her initial impairments were mental impairments. Thereafter, she was in – she was struck by a car and suffered multiple injuries, in the hospital for like three months, and that was beginning in October of 2002. She had exhausted her trial work period. They were put her back – the reestablished her entitlement as of October 2002 and she was (INAUDIBLE) standard period of eligibility, but she didn't work – well, they say she worked at SGA beginning in March 2006. For one month, she was over by about $94. She was working part time. That's all she could work at the

>time because of ongoing injuries and mental health problems. And the only other month over SGA would have been August 2007. I think it was over like $10 or something. All this is set out in my memo.

The attorney subsequently added (Tr. 139):

>And essentially, the overpayment back to – through September of 2002, like I said, we don't contest that, but we believe that should be waived. As to the remaining alleged overpayment from March 2006, we say there is no overpayment because her impairment-related work expenses reduced her accountable income below SGA level and she, she did return to that to SGA work activity in March 2010. Her benefits actually stopped, I believe, in February, so there's no overpayment.

The attorney followed-up with a post-hearing memorandum in which he stated at the outset that "[y]ou seemed well disposed to our position that this client was not overpaid beginning March 2006 because impairment-related work expenses reduced countable earnings below SGA levels through February 2010" (Tr. 130).

The law judge found that "[t]he claimant was overpaid benefits in the amount of $39,354.60 during the following periods" (Tr. 14). He then said (id.):

> The claimant was overpaid due to the termination of entitlement to disability benefits due to work done over the substantial gainful activity limits. The claimant was overpaid during the extended period of eligibility for substantial gainful activity earnings in September 2001, October 2001, November 2001, December 2001, January 2002, February 2002, March 2002, and September 2002. The 36th month of the EPE was May 2004. Benefits were ceased due to substantial gainful activity on March 2006. The claimant was overpaid due to the receiving of disability benefits after cessation on March 2006 through December 2006, January 2007 through December 2007, January 2008 through December 2008, January 2009 through December 2009, and January 1020 [sic].

The law judge found further that the plaintiff was at fault in causing the overpayment (id.). He also concluded that "the claimant's contention that the action would be against equity and good conscience is not meet" [sic] (Tr. 15). Accordingly, he found that recovery of the overpayment of $39,354.60 is not waived (id.).

The plaintiff sought review from the Appeals Council contending that the law judge's decision did not address the issues concerning overpayment (Tr. 132). The Appeals Council, however, denied review, so

that the law judge's decision became the final decision of the Commissioner (Tr. 4).

## II.

The Social Security Act provides that "[i]n any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience." 42 U.S.C. 404(b). In determining whether an individual is without fault, the Commissioner "shall specifically take into account any physical, mental, educational, or linguistic limitation such individual may have ...." Id. The burden is on the plaintiff to establish that she was "without fault" in causing an overpayment. Viehman v. Schweiker, 679 F.2d 223, 227 (11th Cir. 1982).

A factual determination by the Commissioner must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

### III.

The plaintiff contends that the law judge's decision is deficient because, for the period of March 2006 to February 2010, the amounts of the reported earnings and the impairment-related work expenses were not specifically addressed (Doc. 14, p. 5). In other words, the plaintiff asserts that the law judge failed to consider her arguments that, for that period, her earnings, with two exceptions, were less than substantial gainful activity, and that her earnings for those two periods should be reduced by impairment-related work expenses.

Although the law judge's finding regarding overpayment is conclusory, it appears to address the issue of substantial gainful activity.

Thus, the law judge found that "[b]enefits were ceased due to substantial gainful activity on March 2006" (Tr. 14). See 20 C.F.R. 404.1592a(a). That regulation, however, provides that, in determining substantial gainful activity, impairment-related work expenses are to be deducted. 20 C.F.R. 404.1592a(a)(1).

The plaintiff's pre-hearing memorandum contended that the plaintiff exceeded substantial gainful activity levels in March 2006 by only $94.13, and that she incurred impairment-related work expenses that month of $120, which would take her below the substantial gainful activity level (Tr. 99). Similarly, substantial gainful activity levels were exceeded in August 2007 by $8.95, and her impairment-related work expenses that month were $150 (id.). The law judge did not address these contentions, which are central to the plaintiff's argument that she was not overpaid, since she contends that for other months her earnings were below substantial gainful activity levels.

The Commissioner's response first asserts that the plaintiff was not without fault (Doc. 16, p. 6), that recovery would not defeat the purpose of the Social Security Act (id., p. 7), and that recovery would not be against equity and good conscience (id., p. 8). The plaintiff, however, was not

making any such arguments. Consequently, the law judge's decision on these issues is affirmed, and, on remand, the plaintiff cannot argue otherwise.

The plaintiff's argument, as indicated, is that, when impairment-related work expenses are properly deducted, she did not earn above substantial gainful activity levels and therefore was not overpaid. The Commissioner's response to this argument is that it is not properly before the court (id.). This argument is meritless.

As the facts previously set out in Section I show, the plaintiff has been asserting this contention at least since the submission of the pre-hearing memorandum. Consequently, the issue was clearly and appropriately raised before the law judge. The Commissioner asserts that the law judge had discretion to limit his decision to the question of waiver and that he exercised his discretion in that respect. However, I am unpersuaded by the Commissioner's contention that the law judge had discretion to ignore the plaintiff's argument. Moreover, contrary to the Commissioner's contention (id., p. 10), the law judge did not say he was limiting his consideration to the question of waiver. In fact, his first finding was that the plaintiff was overpaid benefits of $39,354.60 (Tr. 14).

Significantly, the law judge in his Notice of Hearing listed the general issues as "whether you were overpaid benefits within the meaning of Section 204 of the Social Security Act and, if so, whether recovery of the overpayment may be waived" (Tr. 85). More importantly, at the hearing, the plaintiff's lawyer discussed in depth his theory why, in light of the impairment-related work expenses, there was no overpayment (Tr. 138-39), and the law judge gave no indication that, for some reason, he would not consider that contention. Under these circumstances, the law judge's failure to address the plaintiff's argument concerning overpayment does not constitute an exercise of discretion to limit his decision to the issue of waiver, even assuming he had such discretion.

Furthermore, if the law judge had discretion to limit his decision to the issue of waiver and he exercised that discretion, he abused his discretion. Thus, in light of the Notice of Hearing stating that overpayment was an issue, and the discussion at the hearing regarding that issue, the law judge could not decide not to consider the issue without advising the plaintiff of that course of action and affording her an opportunity to be heard on the matter. Springing such a surprise on the plaintiff would be unfair. However,

I am confident that the law judge did not engage in such unfair conduct, but rather simply overlooked the plaintiff's contention.

The Commissioner argues further that the court does not have jurisdiction to consider the overpayment issue. As the Commissioner points out, 42 U.S.C. 405(g) limits judicial review to "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." That is precisely the type of decision that the plaintiff seeks to have the court review.

The Commissioner suggests that review is limited to administrative proceedings that began with an initial determination and reconsideration (Doc. 16, pp. 8-9). There is nothing in §405(g) that imposes such a limitation on judicial review. Therefore, the plaintiff's challenge to the Commissioner's decision regarding overpayment is properly before this court.

The Commissioner's final argument purports to address the merits of the plaintiff's contention that when impairment-related work expenses are deducted her earnings did not exceed substantial gainful activity levels before her benefits were terminated. That argument, however, is an unacceptable post hoc rationalization.

Post hoc rationalizations of litigating counsel do not provide the basis for judicial review of an administrative decision. Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 50 (1983); Baker v. Commissioner of Social Security, 384 Fed. Appx. 893, 896 (11th Cir. 2010). The responsibility for making findings regarding the plaintiff's allegations is placed with the law judge, and not with the Commissioner's lawyer. Accordingly, the Commissioner's argument does not remedy the law judge's failure to evaluate the plaintiff's contention that there was no overpayment beginning March 2006.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby **REVERSED**, and the matter is **REMANDED** for further consideration only as to the issue of overpayment from March 2006, and not

as to any issue of fault or waiver. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 15th day of September, 2014.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE